standing the general language immediately preceding, the contract was not in compliance with the statute unless acknowledged before a judge.

The order should be reversed upon the law and the facts, with costs, and the motion to remove the appellant as administratrix denied, with costs.

SEWELL and BETTS, JJ., concur. HOUGHTON, J., concurs in result. SMITH, P. J., dissents.

---

CRUVER MFG. CO. v. SPOONER.

(Supreme Court, Appellate Division, Third Department. November 15, 1911.)

1. PLEADING (§ 261*)—AMENDMENT—ANSWER—DIFFERENT DEFENSE.
   Where a general denial has been interposed to an action for the price of goods sold, an amendment setting up that the goods purchased were bought by sample with warranty, and were not equal to the sample, thereby creating a right to a counterclaim, substantially changes the defense, and is therefore not such an amendment as the court may grant on the trial.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 794–800; Dec. Dig. § 261.*]

2. SALES (§§ 440, 442*)—SALE BY SAMPLE—DAMAGES—PROOF OF RETAIL VALUE.
   In an action for the price of goods sold and delivered, the only damage which the vendee, who claimed the goods were not according to sample, could recover, was the difference between the contract price and the value of the property if it had been according to the sample, and evidence of the retail price of such goods did not tend to prove such damage, and was consequently improper.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1261–1276, 1284–1301; Dec. Dig. §§ 440, 442.*]

3. SALES (§ 441*)—SALES BY SAMPLE—BREACH—PROOF OF DAMAGE.
   And, where such evidence is the only evidence of damages in the record, there can be no recovery as on a counterclaim for the breach of the warranty.
   [Ed. Note.—For other cases, see Sales, Dec. Dig. § 441.*]

Appeal from Trial Term, Saratoga County.

Action by the Cruver Manufacturing Company against William Spooner. From a judgment for defendant and an order denying a new trial, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

W. P. Butler, for appellant.
Nash Rockwood, for respondent.

SEWELL, J. The action was brought to recover the value of certain goods, wares, and merchandise sold and delivered to the defendant, and for which it was alleged he promised to pay the sum of $120. The answer consisted of a general denial. When the case came to trial upon these issues, the defendant moved for permission to serve

an amended answer and set up a counterclaim. The motion was granted, and the plaintiff duly excepted.

[1] The amended answer allowed substantially changed the defense by alleging "as a separate defense and as a counterclaim" that the goods mentioned in the complaint were bought by sample with warranty that those to be furnished should be in all respects equal to the sample and should be handpainted; that the defendant, relying upon the agreement and warranty, purchased the goods and paid the plaintiff $40 on the purchase price thereof; that immediately after the receipt of the goods the defendant notified the plaintiff that they did not conform to the sample or to the warranty made by the plaintiff, and were not of the style and character ordered; that he offered to return the same, but the plaintiff refused to receive them or to return the $40 paid by the defendant. The defendant also alleged that the goods were worth $80 less than they would have been worth if they had been equal to the sample exhibited to the defendant, and asked that "said sum shall be deducted from the amount, if any, which may be proved against him on the trial of this action." It is too plain for argument that the amendment substantially changed the defense, and was therefore not such an amendment as the court had power to grant upon the trial.

[2, 3] We also think that the court erred in admitting testimony as to the retail value of the 2,000 mirrors, which were the subject of the sale, and that there was no evidence from which the jury could determine the damages sustained by the defendant in consequence of the breach of the contract by the plaintiff. The only damages which a vendee can recover in a case like this is the difference between the contract price and the value of the property if it had been according to contract. There is nothing in the record to establish a basis for the recovery of the damages to which under this rule the defendant might have been entitled. The only evidence offered or given upon the subject of damages was that the retail value of the mirrors "is a nickle apiece."

We are of the opinion that a new trial must be granted on the ground of the error of the trial court in regard to the question of damages, and in allowing the amendment of the answer.

Judgment and order reversed and new trial granted, with costs to appellant to abide event. All concur.